IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DEBRA R. ANTONE | ) | |
| PLAINTIFF | ) | |
| | ) | |
| VS. | ) NO. 01C 5889 | |
| | ) | |
| BEERMANN, SWERDLOVE, | ) | |
| WOLOSHIN, BAREZKY, BECKER, | ) | |
| GENIN & LONDON | ) | |
| DEFENDANT | ) **JURY DEMAND** | |

JUDGE KENNELLY

MAGISTRATE JUDGE LEVIN

DOCKETED AUG 0 1 2001

**COMPLAINT**

NOW COMES THE PLAINTIFF, DEBRA R. ANTONE, by and through her attorneys, Elizabeth Hubbard and John C. O'Connor, of Hubbard and O'Connor, Ltd., and complaining of the Defendant, BEERMANN, SWERDLOVE, WOLOSHIN, BAREZKY, BECKER, GENIN & LONDON, states as follows:

*NATURE OF ACTION, JURISDICTION AND VENUE*

1. This is an action for damages and equitable relief to redress the deprivation of rights secured to Plaintiff by virtue of the Americans with Disabilities Act, 42 U.S.C. Section 12101 *et seq.* (the "ADA") and the Equal Pay Act, 29 U.S.C. Section 206(d).

2. Jurisdiction of this Court is invoked pursuant to the provisions of the ADA and 28 U.S.C. Section 1343.

Page -1-

3. Venue is proper by virtue of 28 U.S.C. Section 1393(b).

4. Plaintiff has met all administrative prerequisites to suit in that she timely filed a charge of discrimination based upon disability on December 21, 2000 with the Equal Employment Opportunity Commission. The Equal Employment Opportunity Commission issued a right to sue on May 8, 2001, and this complaint has been filed within ninety (90) days after receipt of said right to sue.

*PARTIES*

5. Plaintiff, Debra R. Antone, is an adult female and a citizen of the State Illinois, ultimately diagnosed with a herniated disc and medical complications that included grand mal seizures, a duodenal ulcer secondary to the prescribed medication, pulmonary embolism and cardiac irregularity. Back surgery was performed on Plaintiff in March, 2000.

6. Plaintiff was a full time employee of Defendant, within the definition of "employee" under the ADA, whose employment was terminated by Defendant on or about February 25, 2000.

7. Defendant Beermann, Swerdlove, Woloshin, Barezky,

Becker, Genin & London, is a law firm partnership engaged in the business of providing legal services and is an employer within the definitions of the Equal Pay Act and the ADA.

8. Defendant employs in excess of 30 employees.

## FACTS

9. Plaintiff was hired by Defendant in 1983, as an associate attorney.

10. At all times relevant, Plaintiff performed her employment responsibilities in a manner which met and/or exceeded Defendant's reasonable job expectations of her.

11. In October, 1999, Plaintiff developed various physical problems with a herniated spinal disc.

12. Due to the oral and injected medications prescribed for Plaintiff, Plaintiff also developed peptic ulcers, cardiac irregularity, Grand Mal seizures and pulmonary embolism discovered during December, 1999.

13. During the entire month of December, 1999, Plaintiff was hospitalized for the treatment of the complications, that had developed due to treatment of her back condition.

14. On or about January 5, 2000, Defendant advised Plaintiff that the firm had voted to create "especially" for her, the status of "unpaid medical leave" and that, although

she would not be paid until she returned to full time active employment, her medical insurance benefits which Defendant characterized as "the most important thing" were secure because those benefits would be maintained by the Defendant.

15. Plaintiff returned to the office to work in a wheelchair on or about January 10, 2000. Back surgery was scheduled for March, 2000.

16. On or about January 17, 2000, Defendant unilaterally determined that Plaintiff would be paid on an hourly basis for those occasions when she was in the office.

17. Plaintiff had routinely since November, 1999, continued to provide legal services for clients for work performed from her house or from the hospital. Plaintiff continuously was in telephone communication with clients and Defendant and was performing substantive legal work at locations other than the office.

18. On or about February 9, 2000, Plaintiff was advised that her group health insurance had been terminated based on Defendant's unilateral action of demoting Plaintiff to part-time hourly employee status, that she was eligible for COBRA, and that if she elected COBRA coverage, she owed the firm money for COBRA coverage retroactive to January, 1999.

19. On February 23, 2000, Plaintiff met with Nathan B. Swerdlove, Lyle S. Genin and Howard A. London to discuss her the insurance issues.

20. During the meeting on February 23, 2000, Plaintiff explained that she was not a part time employee, but was a full time employee on medical leave and that as such, she could remain under the group medical insurance for up to 12 months. Defendant advised Plaintiff that the firm could characterize her employment status however it chose and that it could do anything it wanted to with regard to her insurance. As Lyle Genin got up to leave the meeting, Plaintiff stated that she wanted to leave and terminated the meeting.

21. On or about February 25, 2000, Plaintiff received a letter from Defendant advising that it had "accepted her resignation."

22. Plaintiff did not resign, but was involuntarily terminated by Defendant.

23. At the time of her termination, Plaintiff was paid significantly less than other similarly situated male employees who had less experience and expertise than Plaintiff, and were more junior attorneys at Defendant firm.

## COUNT I

## VIOLATIONS OF THE ADA

24. Plaintiff sets forth and realleges paragraphs 1-23 as if set forth herein.

25. Plaintiff was suffering from a disability which limited one or more of her major life activities, including but not limited to walking.

26. Defendant perceived Plaintiff as suffering from a disability.

27. In all respects, Defendant treated Plaintiff differently and less favorably than similarly situated employees, whom it did not regard as suffering from a disability within the meaning of the ADA.

28. The Defendant was under a duty to reasonably accommodate Plaintiff's disability within the context of the ADA, which Defendant failed to do.

29. Defendant was under a duty not to discriminate against the Plaintiff, based on its myths, fears or stereotypes concerning her perceived disability.

30. Defendant's actions constitute a violation of the ADA.

31. In violating the ADA, the Defendant acted with malice

and/or reckless indifference to Plaintiff's federally protected rights.

32. As a proximate result of the foregoing facts, Plaintiff suffered loss of her job, lost wages, bonuses and the value of lost benefits, incidental damages and pain and suffering including emotional anguish, humiliation, embarrassment, anxiety, sleeplessness, loss of appetite, loss of status, loss of self-esteem and loss of enjoyment of employment and of life.

WHEREFORE, Plaintiff requests that this Court enter a judgment:

A. Finding the Defendant violated the ADA;

B. Reinstating Plaintiff to her prior or comparable position, or awarding front pay if reinstatement is denied;

C. Awarding Plaintiff an amount equal to lost wages, incidental expenses and other lost benefits;

D. Awarding Plaintiff compensatory and punitive damages;

E. Awarding Plaintiff her reasonable attorneys' fees and costs of this action;

F. Awarding such other relief as this Court deems just and appropriate.

## COUNT II

## EQUAL PAY ACT

33. Plaintiff realleges paragraphs 1-32 as if set forth in full herein.

34. Defendant is an employer engaged in commerce as defined by the Equal Pay Act, and Plaintiff was an employee of Defendant as defined by the Equal Pay Act.

35. On information and belief, Defendant paid lower wages to Antone than her male co-workers who performed equal work, the performance of which required equal skill, effort and responsibility under similar working conditions.

36. Defendant's violation of the Equal Pay Act has caused damages to Antone because she has been paid significantly less than her male co-workers.

WHEREFORE, Plaintiff requests that this Court enter a judgment:

A. Finding the Defendant violated the Equal Pay Act

B. Reinstating Plaintiff to her prior or comparable position, or awarding front pay if reinstatement is denied;

C. Awarding Plaintiff an amount equal to lost wages, incidental expenses and other lost benefits;

D. Awarding Plaintiff liquidated damages;

E. Awarding Plaintiff her reasonable attorneys' fees and costs of this action;

F. Awarding such other relief as this Court deems just and appropriate.

Respectfully Submitted,

DEBRA R. ANTONE, PLAINTIFF

BY: *Elizabeth Hubbard*

ONE OF HER ATTORNEYS

Elizabeth Hubbard
John O'Connor
Attorneys for Plaintiff
Hubbard & O'Connor, Ltd.
900 West Jackson Blvd.
Suite Six West
Chicago, Illinois 60607
(312) 421-5960

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DEBRA R. ANTONE<br> PLAINTIFF | )<br>)<br>) |
| VS. | ) NO.<br>) |
| BEERMANN, SWERDLOVE,<br>WOLOSHIN, BAREZKY, BECKER,<br>GENIN & LONDON<br> DEFENDANT | )<br>)<br>)<br>) **JURY DEMAND** |

  Plaintiff, Debra R. Antone, hereby demands a trial by jury as to all counts in her complaint.

Respectfully Submitted,<br>
DEBRA R. ANTONE, PLAINTIFF<br>
<br>
BY: <i>Elizabeth Hubbard</i><br>
One of her attorneys

Elizabeth L. Hubbard
John C. O'Connor
Hubbard & O'Connor, Ltd.
Attorneys for Plaintiff
900 West Jackson Blvd.
Suite Six West
Chicago, Illinois 60607
(312) 421-5960

JS 44
(Rev. 12/96)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**DOCKETED AUG 0 1 2001**

## I. (a) PLAINTIFFS

Debra R. Antone

## DEFENDANTS

Beermann, Swerdlove,, Woloshin, Barezky, Becker, Genin & London

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF __Cook__
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT __Cook__
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**01C 5889**

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Hubbard & O'Connor, Ltd.
900 W. Jackson #6W
Chicago, Ill. 60607
312-421-5960

ATTORNEYS (IF KNOWN)

Stephen Novak
303 W. Madison, #1800
Chicago, Ill. 60606
312-419-6900

**JUDGE KENNELLY**

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury — Med. Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury — Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☒ 442 Employment | **HABEAS CORPUS:** | | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☒ 443 Housing/Accommodations | ☐ 530 General | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | ☐ 871 IRS — Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |

## VI. CAUSE OF ACTION
(CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

Americans with Disabilities Act

## VII. REQUESTED IN COMPLAINT

CHECK IF THIS IS A **CLASS ACTION**
☐ UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint
JURY DEMAND: ☒ YES  ☐ NO

## VIII.  This case

☒ is not a refiling of a previously dismissed action.

☐ is a refiling of case number _____, previously dismissed by Judge _____

DATE 31 July 2001

SIGNATURE OF ATTORNEY OF RECORD
*Elizabeth Hubbard*

UNITED STATES DISTRICT COURT

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

JUDGE KENNELLY

In the Matter of

Debra R. Antone
v.
Beermann, Swerdlove, et al.

Case Number: **01C 5889**

MAGISTRATE JUDGE LEVIN

**DOCKETED**

AUG 0 1 2001

APPEARANCES ARE HEREBY FILED BY THE UNDERSIGNED AS ATTORNEY(S) FOR:

Debra Antone, Plaintiff

| (A) | (B) |
|---|---|
| SIGNATURE: *Elizabeth Hubbard* | SIGNATURE: *John O'Connor* |
| NAME: Elizabeth Hubbard | NAME: John O'Connor |
| FIRM: Hubbard & O'Connor, Ltd. | FIRM: Hubbard & O'Connor, Ltd. |
| STREET ADDRESS: 900 W. Jackson #6W | STREET ADDRESS: 900 W. Jackson #6W |
| CITY/STATE/ZIP: Chicago, IL. 60607 | CITY/STATE/ZIP: Chicago, IL. 60607 |
| TELEPHONE NUMBER: 312 421 5960 | TELEPHONE NUMBER: 312 421 5960 |
| IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) | IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) |
| MEMBER OF TRIAL BAR? YES [X] NO [ ] | MEMBER OF TRIAL BAR? YES [X] NO [ ] |
| TRIAL ATTORNEY? YES [X] NO [ ] | TRIAL ATTORNEY? YES [X] NO [ ] |
| | DESIGNATED AS LOCAL COUNSEL? YES [ ] NO [X] |

| (C) | (D) |
|---|---|
| SIGNATURE: | SIGNATURE: |
| NAME: | NAME: |
| FIRM: | FIRM: |
| STREET ADDRESS: | STREET ADDRESS: |
| CITY/STATE/ZIP: | CITY/STATE/ZIP: |
| TELEPHONE NUMBER: | TELEPHONE NUMBER: |
| IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) | IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) |
| MEMBER OF TRIAL BAR? YES [ ] NO [ ] | MEMBER OF TRIAL BAR? YES [ ] NO [ ] |
| TRIAL ATTORNEY? YES [ ] NO [ ] | TRIAL ATTORNEY? YES [ ] NO [ ] |
| DESIGNATED AS LOCAL COUNSEL? YES [ ] NO [ ] | DESIGNATED AS LOCAL COUNSEL? YES [ ] NO [ ] |

PLEASE COMPLETE IN ACCORDANCE WITH INSTRUCTIONS ON REVERSE.